# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

WILLIAM P. SMITH,

        Plaintiff,

        -vs-                                Case No.   07-C-83

MATTHEW J. FRANK, RICK RAEMISCH,
LARRY L. JENKINS, MICHAEL DITTMANN,
JAMES OLSON, TIMOTHY IMMEL,
DAVID TARR, SCOTT GALLIGAN,
ANTHONY O'BRIEN, CHAD ENGEBREGSTEN,
JAN GUSE, MARY BLOCZYNSKI,
PAT KONEN, SANDRA HAUTAMAKI, and
HAYLEY HERMANN-PUCKER,

        Defendants.

## DECISION AND ORDER

Plaintiff William P. Smith, who is currently incarcerated at Racine Correctional Institution, lodged a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He has paid the $350 filing fee.

Regardless of the plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim

upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

2

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The plaintiff was incarcerated at Kettle Moraine Correctional Institution (KMCI) at all times relevant to this action. The defendants are: Wisconsin Department of Corrections (DOC) Secretary Matthew J. Frank; DOC Deputy Secretary Rick Raemisch; KMCI Warden Larry L. Jenkins; KMCI Security Director Michael Dittman; KMCI Security Supervisor James Olson; Sergeant Timothy Immel; Captain David Tarr; Captain Scott Galligan; Captain Anthony O'Brien; Lieutenant Chad Engebregsten; Social Worker Jan Guse; Social Worker Mary Bloczynski; Officer Pat Konen; Corrections Complaint Examiner Sandra Hautamaki; and Inmate Complaint Examiner Hayley Hermann-Pucker.

The complaint alleges multiple violations of the plaintiff's rights under the First (free exercise of religion and retaliation) and Fourteenth (equal protection) Amendments to the United States Constitution; the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq.*; the Bald and Golden Eagle Protection Act (BGEPA), 16 U.S.C. § 668; Wisconsin state law; the Wisconsin Administrative Code; and DOC policy. The plaintiff sues all defendants in their individual capacities. For relief, he seeks compensatory and punitive damages.

3

The plaintiff alleges that on July 10, 2005, defendant Immel took "a federally protected Eagle feather from the lawful possession of the plaintiff, an enrolled member of a federally recognized Native American Tribe." (Compl. at 7.) The eagle feather is central to the plaintiff's Native American religious practice. Defendant Dittman, Immel's supervisor, took possession of the eagle feather from Immel. The plaintiff filed Offender Complaint KMCI-2005-21319 against defendants Immel and Dittman. However, defendant Hermann-Pucker "intentionally fail[ed] to properly investigate the claims raised" in KMCI-2005-21319 and unlawfully recommended to dismiss the offender complaint. *Id.* at 8-9. On July 29, 2005, defendant Jenkins "willfully rubber-stamp[ed] the unlawful recommendation to dismiss KMCI-2005-21319. *Id.* at 12. On August 5, 2005, defendant Konen destroyed the eagle feather.

On July 12, 2005, defendants Dittman and Olson retaliated against the plaintiff for filing KMCI-2005-21319 by transferring him to the Segregation Building pending issuance of "unlawful Conduct Report #1737647." *Id.* at 9. On July 25, 2005, defendant Olson "knowing attempted to cloak the ongoing retaliation against the plaintiff for filing Offender Complaint #KMCI-2005-21319 in an air of legitimacy by writing unlawful Conduct Report #1737547[.]" *Id.* at 11. At the August 4, 2005, unlawful hearing on Conduct Report #1737547, defendant Galligan found the plaintiff guilty and "intentionally imposed unlawful terms of Adjustment and Program Segregation[.]" *Id.* at 13-14. On August 28, 2005, defendant Jenkins "intentionally failed to intervene once apprised through plaintiff's Disciplinary Appeal of unlawful Conduct Report #1737547, that two Conduct Reports had been issued for the same incident and that Defendant Scott Galligan had found plaintiff guilty of a duplicate infraction[.] *Id.* at 15. On January 27, 2006, defendant Bloczynski "refused to investigate plaintiff's pre-due process re-hearing interview claim

4

that unlawful Conduct Report #1737547 was a violation of the Wisconsin Administrative Code and could therefore only lawfully be Dismissed[.]" *Id.* at 19. On February 2, 2006, the plaintiff had a re-hearing on Conduct Report #1737547. At the unlawful due process re-hearing, defendant O'Brien,

> intentionally ignored DOC 303.66(1)(3) Wis. Admin. Code to facilitate combining infractions from lawful Conduct Report #1748138 with infractions from unlawful Conduct Report #1737547 and used this hybridized version of the Conduct Reports to unlawfully find plaintiff Guilty of infractions contained on both, then unlawfully re-imposed an Adjustment Segregation disposition-time served, in an attempt to legitimize unlawful Conduct Report #1737347[.]

*Id.* at 20.

The plaintiff also filed Offender Complaint KMCI-2005-27398. However, on October 12, 2005, defendant Hermann-Pucker failed to properly investigate the claims raised therein and recommended dismissal. On December 5, 2005, defendant Hautamaki "recommended Affirming Offender Complaint #KMCI-2005-27398 by properly finding that DOC 303.66 Wis. Admin. Code had been violated when two conduct reports were written (and processed) for the same incident, then abused her discretion as CORRECTIONS COMPLAINT EXAMINER when she attempted to legitimize and/or cover up the unlawful retaliatory acts of Defendants James Olson, Michael Dittman, David Tarr, Scott Galligan, Hayley Hermann-Pucker and Larry Jenkins[.]" *Id.* at 18.

The remainder of the complaint consists of allegations of retaliation, violations of the plaintiff's right to equal protection, violations of Wisconsin state law and the Wisconsin Administrative Code, and the defendants' abuse of discretion of their DOC positions. These remaining allegations, which stem from the confiscation of the plaintiff's eagle feather, are partially summed up in the plaintiff's allegations against defendant Frank:

5

30. On 5/17/06, while acting in his individual capacity, under color of state law, Defendant Matthew J. Frank contributed to and facilitated the attempted cover up of the ongoing retaliation against plaintiff for asserting First Amendment rights when he knowingly turned a blind eye to the retaliatory and/or unlawful acts of subordinate Defendants James Olson, Michael Dittman, David Tarr, Scott Galligan, Hayley Hermann-Pucker, Anthony O'Brien, Chad Engebregsten, Larry Jenkins, Sandra Hautamaki and Rick Raemisch, by unlawfully ignoring his duty as Secretary of the Wisconsin Department of Corrections when he intentionally failed to exercise the authority of his office to properly investigate plaintiff's claims of Constitutional deprivation and intervene, when he was notified by plaintiff on 11/28/05 by Certified Mail in an Official Complaint filed pursuant to § 301.29 Wis. Stats., alleging violation of plaintiff's religious freedom rights and retaliation for filing Offender Complaint #KMCI-2005-21319; when he was notified again by plaintiff on 3/8/06 by Certified Mail with a copy of the pending Disciplinary Appeal of the second unlawful due process re-hearing regarding unlawful Conduct Report #1737547; when he was notified again by plaintiff on 5/12/06 by Certified Mail with a second Official Complaint filed pursuant to § 301.29 Wis. Stats., alleging that plaintiff had now suffered harassment and intimidation tactics by subordinate Defendants in retaliation for asserting First Amendment rights; and when he was notified finally by plaintiff on 5/17/06 by Certified Mail with a letter detailing the unlawful conduct of subordinate Defendants regarding the entire handling of unlawful Conduct Report #1737547 and subsequent Decision in Offender Complaint #KMCI-2006-10366.

That deliberately turning a blind eye to the retaliatory and/or unlawful acts of subordinate Defendants and unlawfully ignoring his statutory duty as Secretary of the Wisconsin Department of Corrections when he intentionally failed to exercise the authority of his office to properly investigate the claims of constitutional deprivation raised by plaintiff in two Statutorily filed Official Complaints, intentionally ignoring a copy of the second pending Disciplinary Appeal which demonstrated that the finding, (Affirmed by his office,) in Offender Complaint #KMCI-2005-27398 had still not been lawfully implemented and intentionally ignoring the letter outlining the procedural history of unlawful Conduct Report #1737547, the Corrections Complaint Examiner's and Secretary's Final reviewing Authority's unlawful abuse of discretion by intentionally mishandling the lawfully accepted Appeal of Offender

6

> Complaint #KMCI-2006-10366, denied plaintiff Equal Protection of the law and contributed to the attempted cover up of the ongoing retaliation against plaintiff for asserting Amendment rights by filing Offender Complaint #KMCI-2005-21319, the Disciplinary Appeal of unlawful Conduct Report #1737547, REJECTED Offender Complaint #KMCI-2005-28758, Offender Complaint #KMCI-2005-27398, the Disciplinary Appeal of the first unlawful due process re-hearing regarding unlawful Conduct Report #1737547, the Disciplinary Appeal of the second unlawful due process re-hearing regarding unlawful Conduct Report #1737547 and Offender Complaint #KMCI-2006-10366, contrary to the First and Fourteenth Amendments of the U.S. Constitution, Wisconsin Statute, Wisconsin Administrative Code and the lawful duties of the SECRETARY OF THE DEPARTMENT OF CORRECTIONS.

*Id.* at 35-38.

The court finds that the plaintiff has alleged sufficient facts to support a claim that his rights were violated. The plaintiff may proceed on retaliation, equal protection, and First Amendment free exercise of religion claims. He may also proceed on claims under RLUIPA and his state law claims.

However, the plaintiff may not proceed on claims under the BGEPA because that statute does not contain provisions for private rights of action. *See* 16 U.S.C. § 668; *Defenders of Wildlife v. Administrator, E.P.A.*, 882 F.2d 1294, 1301-02 (8th Cir. 1989). Also, the plaintiff may not proceed on claims that the defendants abused the discretion of their DOC jobs, claims under the Wisconsin Administrative Code, or claims that any defendant violated DOC policy. Failure to follow state administrative procedures or state law does not necessarily give rise to a constitutional violation. The mere fact that the conduct in question violates DOC regulations does not per se form the basis of § 1983 liability. *Kompare v. Stein*, 801 F.2d 883, 888 (7th Cir.1986). Section 1983 of Title 42, United States Code , addresses violations of federal law and the United States Constitution;

7

it is not a means to redress violations of state procedures. *See Sandin v. Conner*, 515 U.S. 472, 478-83 (1995); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

## **ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff serve upon each defendant a copy of the complaint, a waiver of service form, and/or the summons, and a copy of this order.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

8

Dated at Milwaukee, Wisconsin, this 5th  day of June, 2007.

**SO ORDERED,**


s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**

9